UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RICHARD K. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:05-cr-091 |
| | ) | 3:10-cv-514 |
| | ) | JUDGE JORDAN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Richard K. Robinson ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to the following charges: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 842(b)(1)(A), and 841(b)(1)(B); money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). By judgment entered March 26, 2008, he was sentenced to a total effective term of imprisonment of 216 months. [Criminal Action No. 3:05-cr-91, Doc. 27, Judgment]. He did not appeal his conviction or sentence.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Accordingly, petitioner had until April 9, 2009, within which to file his § 2255 motion.[1]

Petitioner filed his § 2255 motion on November 29, 2010. He acknowledges that his § 2255 motion was not timely filed, but contends that he is entitled to equitable tolling of the statute of limitation. The Court ordered the government to address petitioner's claim that he is entitled to equitable tolling of the statute of limitation. It has done so and objects to equitable tolling of the statute of limitation in this case.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been

---

[1] Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).

pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland* 's two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

In support of his § 2255 motion, petitioner alleges he received ineffective assistance of counsel because his attorneys failed to participate in the majority of petitioner's debriefings with the government after entry of the plea agreement. According to petitioner, his attorneys should have been present at the debriefings so they could have prevented information given by petitioner from being used to calculate his base offense level and so they could determine whether the presentence report was correct. Petitioner also alleges a sentencing disparity because co-defendants received a lesser sentence, despite the fact that they did not provide the substantial assistance that petitioner provided, and that his sentence was arbitrary because the court based the sentence on impermissible factors.

In light of the foregoing, petitioner alleges he is entitled to equitable tolling because the district court at sentencing stated he had never witnessed the prosecutor on the case give a defendant such a large break as petitioner received. According to petitioner, this led him to disregard the rumors he had heard about sentencing disparities between him and his co-defendants, and it was only after the deadline for filing a § 2255 had passed that petitioner

3

learned of the sentencing disparities. Petitioner also claims that he was not aware of the deadline for filing a § 2255 until he began doing legal research after the deadline had passed.

Petitioner's contention that he is entitled to equitable tolling because he was not aware of the statute of limitation lacks merit. "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

Petitioner's failure to discover the alleged sentencing disparities until after the expiration of deadline for filing the § 2255 demonstrates that petitioner failed to diligently pursue his rights. His purported reliance on comments made by the district judge at sentencing does not relieve petitioner of his responsibility in this regard.

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his § 2255 motion is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art,*

*Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

　　　s/ Leon Jordan　　　
United States District Judge
