UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:05-CR-091 |
| ) | |
| RICHARD K. ROBINSON ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's counseled "Motion for Compassionate Release Due to COVID-19 Pandemic." [Doc. 37]. That motion is opposed by the United States. [Doc. 38]. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

In 2008, this Court sentenced the defendant to a term of 216 months' imprisonment for controlled substance, firearm, and money laundering offenses. The defendant is presently housed at FCI Terminal Island with a scheduled release date of February 17, 2021. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 3, 2020). He now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to his age (56), a heart condition, and the present COVID-19 pandemic.

### II. SECTION 3582

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In this case, the defendant has not exhausted the administrative remedies specified in § 3582. According to counsel, "Mr. Robinson has not sought compassionate release first through the Bureau of Prisons as he only has less than 55 days in his sentence remaining. In this way, he seeks compassionate release directly from the Court." [Doc. 37, p. 1].[1]

It remains a defendant's burden to show that he has exhausted the administrative remedies specified in § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). The specific exhaustion requirement in § 3582(c)(1)(A)(i) "remains a mandatory condition" in this circuit. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). It is the defendant's responsibility to ask his warden to file a § 3582(c)(1)(A) motion on his behalf, and the defendant may not file a motion in this Court until after he has done so <u>and</u> not until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] As noted, the BOP states that the defendant will not be released from custody until February 2021. The defense may be referring to a halfway house date or may have misspoken. Regardless, that discrepancy has no impact on the Court's resolution of the instant motion.

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Because the defendant has not complied with that exhaustion requirement, his compassionate release request in this Court must be denied and dismissed without prejudice.

### III.  CONCLUSION

The defendant's counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 37] is **DENIED AND DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge